IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NOEL HOLLAND,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>WESTPORT INSURANCE CORPORATION,<br>CLAIMS MANAGEMENT SERVICES, INC., and<br>DOES 1-4,<br><br>　　　　Defendants.<br>_____/ | No. C 04-1238 CW<br><br>ORDER GRANTING DEFENDANT'S MOTION TO SET ASIDE DEFAULT, GRANTING PLAINTIFF'S MOTION TO CONFIRM THE ARBITRATION AWARD AND DENYING PLAINTIFF'S MOTIONS FOR JUDGMENT ON THE PLEADINGS AND TO DENY DEFENDANT'S RIGHT TO EXPERT WITNESSES |

　　Defendant Claims Management Services, Inc. (CMS) moves pursuant to Federal Rule of Civil Procedure 55(c) to set aside the default entered by the clerk on January 5, 2007, at the request of Plaintiff Noel Holland.  Holland opposes the motion and also moves (1) for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c) and (2) for an order that Defendant Westport Insurance Company (Westport) has waived its right to have an expert

witness review Holland's medical records.[1]  Defendants CMS and Westport oppose Holland's motions.  The matters were taken under submission on the papers.  Having reviewed all of the papers submitted by the parties, the Court grants Defendant CMS's motion to set aside the default and denies Holland's motions for judgment on the pleadings and to preclude Defendants from using an expert witness.

## BACKGROUND

This case arises out of a February 20, 2003 auto collision in which Holland was driving a van insured by Westport under a policy obtained by Daytop Village, Inc.  In October, 2003, Holland settled a claim against Allstate, the insurer of the third party driver who caused the accident, for the policy limit of $25,000.  Five thousand dollars of that settlement was paid by Allstate to Westport on a subrogation claim.  Holland alleges that Westport owes him additional compensation pursuant to the provision of the insurance policy in which Westport promises to "pay all sums the 'insured' is legally entitled to recover as compensatory damages from the owner or driver of an 'uninsured motor vehicle.'"  First Amended Complaint (FAC) ¶ 12.  This provision is mandated by California Insurance Code § 11580.2.

Holland first informed Westport of the accident in February, 2003.  On October 28, 2003, after receiving the $25,000 settlement

---

[1] Holland also moves the Court to confirm the arbitration award entered on July 27, 2006 and to enter judgment.  Defendants have filed a statement of non-opposition and proof that they have already satisfied the arbitrator's award.  The Court grants Holland's motion to confirm the arbitration award.

2

from Allstate, his attorney sent a letter to CMS, Westport's third party administrator, stating that he was filing an under-insured motorist claim for $1 million, the policy limit. Addy Declaration, Exhibit 17. CMS responded, requesting that Holland's attorney have Allstate contact it regarding subrogation so that it could initiate the under-insured motorist claim. Addy Declaration, Exhibit 18.

On November 10, 2003, after receiving information from Allstate, CMS wrote again to Holland's attorney, indicating its belief that Westport was entitled to $5,000 in subrogation[2] and requesting "an open ended extension" to review the $1 million demand. Addy Declaration, Exhibit 19. Holland's attorney responded by stating that Holland would bring suit for bad faith against Westport unless it accepted his claim before November 24, 2003.[3] Addy Declaration, Exhibit 20.

On November 24, 2003, CMS responded, stating that it sought the extension because the parties still had not resolved whether Westport was entitled to subrogation. Addy Declaration, Exhibit 21. Further, CMS pointed out that the medical receipts submitted by Holland totaled $12,030.21. Id. Because Holland had collected $25,000 from Allstate and the $5,000 physical therapy payment from Westport, CMS denied Holland's claim. Id. Although it denied the demand for $1 million, there is evidence in the record that CMS

---

[2] Westport paid $5,000 directly to the physical therapist treating Holland.

[3] This date was based on Holland's attorney's assertion that the under-insured motorist claim had been received by CMS on October 14, 2003 and that California law requires a final decision on a claim within forty days.

United States District Court
For the Northern District of California

continued to investigate the claim.

On the same date that CMS denied the demand for $1 million, Westport offered to waive its right to subrogation and to give Holland an additional $5,000 to settle the claim. Addy Declaration, Exhibit 22. The letter noted that Holland had been in another car accident on March 14, 2003, and that the only medical care he received after the accident at issue and before the second accident was the initial trip to the emergency room. <u>Id.</u> Defendants state that Holland has not responded to the letter.

Westport continued to investigate Holland's claim, arranging for independent medical evaluations with an orthopedist, an internist and a psychiatrist. Addy Declaration, Exhibit 23. Defendants state that Holland attended his appointment with the orthopedist, but failed to keep the other two appointments. Holland contends that this is false and that Defendants rescheduled the other two appointments without informing him of the change. He does not produce any evidence to support this contention.

Holland filed this action on February 20, 2004, alleging that Defendants failed properly to investigate his claim, to communicate with him about the status of his claim, or to pay the claim. The FAC asserts four causes of action: (1) breach of contract against Westport; (2) breach of the covenant of good faith and fair dealing against Westport and CMS; (3) intentional infliction of emotional distress against Westport and CMS; and (4) negligent infliction of emotional distress against Westport and CMS.

CMS and Westport moved to dismiss the FAC. On June 21, 2004, the Court dismissed Holland's second cause of action against CMS,

4

but otherwise denied Defendants' motion.  The Court also found that the parties were required first to arbitrate the benefit amount dispute pursuant to Insurance Code § 11580.2(f).  Rather than dismiss the case, the Court exercised its discretion to stay Holland's other claims while Holland pursued arbitration.  Holland attempted to appeal the Court's order.  After the appeal was resolved, the matter proceeded to arbitration.

On July 27, 2006, the arbitrator awarded $39,100.71 to Holland but found that Allstate had already paid him $20,000.  Therefore, the arbitrator found Westport liable for $19,100.71.

On August 9, 2006, Holland filed notice that he intended to proceed with the remaining bad faith and intentional and negligent infliction of emotional distress claims in the FAC.  On October 20, 2006, counsel for Defendants filed an answer on behalf of Westport.  On January 3, 2007, Holland filed his motions presently before the Court and on January 4, he filed a motion for entry of default judgment.  On January 5, the clerk entered default judgment against CMS and CMS filed the present motion to set aside the default.

                              DISCUSSION
I.   Motion to Set Aside Default Judgment

The Court may set aside an entry of default "for good cause shown."  Fed. R. Civ. P. 55(c).  The standards for good cause to set aside an entry of default are the same as the standards to set aside a default judgment pursuant to Rule 60, <u>Chrysler Credit Corp. v. Macino</u>, 710 F.2d 363, 367 (7th Cir. 1983), although they should be applied more leniently in the Rule 55 context.  <u>Meehan v. Snow</u>, 652 F.2d 274, 276 (2d Cir. 1981).  Rule 60 permits the Court to set

5

aside a default judgment for reasons of "mistake, inadvertence, surprise, or excusable neglect," among other reasons not relevant here.  F.R.C.P. 60(b)(1).  The Ninth Circuit has directed district courts to consider several factors when determining whether to exercise their discretion to set aside a default judgment:

> (1) the possibility of prejudice to the plaintiff,
> (2) the merits of plaintiff's substantive claim,
> (3) the sufficiency of the complaint,
> (4) the sum of money at stake in the action,
> (5) the possibility of a dispute concerning material facts,
> (6) whether the default was due to excusable neglect,
> (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

Eitel v. McCool, 782 F.2d 1470, 1471-72 (9th Cir. 1986).  Default judgments are generally disfavored.  Id. at 1472.

Defendant CMS moves to set aside the default judgment entered against it, arguing that it failed to answer the complaint against it because its counsel mistakenly believed that all remaining claims had been dismissed against it.  However, the Court only dismissed the second cause of action for breach of the covenant of good faith and fair dealing against CMS.  Holland argues that the Court should deny CMS's motion to set aside the default judgment for three reasons.

Holland first argues that CMS's failure to file an answer "constitutes culpable conduct" because CMS clearly had notice of the action against it and the decision not to file an answer was a willful and strategic act.  This argument is primarily based on Holland's contention that Defendants' counsel's explanation for the failure to file was not adequate.  However, the Court finds that counsel's explanation of his mistaken belief that the claims

6

against CMS had been dismissed is sufficient to meet the lenient standard of "good cause" needed to establish that a disfavored default judgment should be set aside.

Holland next argues that CMS lacks a meritorious defense to the claims against it, alleging that Defendants have admitted that they denied his claim without investigation in violation of California state law.  However, Defendants admit only that they "denied the demand of the policy limits of one million dollars based on the information provided by plaintiff as an amount [that] exceeded the reasonable value of the case based on their experience and training."  Allen Declaration ¶ 19.  Further, Defendants maintain and provide evidence that they continued to investigate Holland's claim after denying the $1 million payment.

Finally, Holland asserts that he will be prejudiced if CMS is allowed to file its answer now.  However, Holland primarily reiterates his claim that CMS acted culpably in deciding not to answer the complaint.  As stated above, the Court accepts CMS's counsel's explanation that he mistakenly believed that all claims had been dismissed against CMS and therefore it need not answer the complaint.  Further, Holland's only suggestion of prejudice is that allowing CMS to file an answer will delay the case and increase the cost of litigation.  It is not clear how setting aside the default will cause either a delay in litigation or any increase in cost for Holland above and beyond the normal cost of litigation.  The claims against CMS are the same as claims against Westport, and Holland will have to make similar showings against them both.  Further, the Ninth Circuit has held, "To be prejudicial, the setting aside of a

7

judgment must result in greater harm than simply delaying resolution of the case." <u>TCI Group Life Ins. Plan v. Knoebber</u>, 244 F.3d 691, 701 (9th Cir. 2001).

The Court finds that CMS has demonstrated that default was entered against it because of its counsel's excusable mistake. Further, Holland has not demonstrated that there is any reason not to grant the motion to set aside the default. CMS appears to have valid defenses to Holland's claims, and his argument of prejudice is unavailing. The Court grants CMS's motion to set aside the default judgment.

II. Judgment on the Pleadings

Federal Rule of Civil Procedure 12(c) provides, "After the pleadings are closed but within such time as not to delay the trial, any party may move for judgment on the pleadings." Judgment on the pleadings is proper when the moving party clearly establishes on the face of the pleadings that no material issue of fact remains to be resolved and that it is entitled to judgment as a matter of law. <u>Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.</u>, 896 F.2d 1542, 1550 (9th Cir. 1990). In considering a motion for judgment on the pleadings, the Court must accept the allegations of the non-moving party as true; the allegations of the moving party which have been denied are assumed to be false. <u>Id.</u>

Holland moves for judgment on the pleadings, alleging that Defendants have admitted that CMS denied his claim for benefits without investigation. However, as discussed above Holland misrepresents Defendants' statements. Defendants did not admit that they denied Holland's claim without investigation. This is a

8

1  material question of fact that precludes the grant of judgment on
2  the pleadings.  See Hal Roach Studios, 896 F.2d 1542, 1550 (9th
3  Cir. 1990).
4  III. Waiver of Right to Expert Witnesses
5       Finally, Holland claims that Defendants have waived their
6  right to have medical experts review his medical files to support
7  their positions in this case based on his assertion that Defendants
8  failed to investigate his claim before denying it.  Again, this
9  argument is based on Holland's unsupported assertion that
10 Defendants denied his claim without investigation.  Further,
11 Holland's position is not legally supportable.
12      Holland relies on McLaughlin v. Connecticut General Life
13 Insurance Company, 565 F. Supp. 434, 452 (N.D. Cal. 1983) for his
14 waiver argument.  McLaughlin, which interprets California law, only
15 found that an insurance company that denied a claim for a single
16 reason and did no investigation could not raise additional defenses
17 on summary judgment.  Even if the holding in McLaughlin could
18 support an argument that Defendants have waived their right to
19 expert witnesses, the strict rule applied in that case has been
20 rejected by both the Ninth Circuit and the California Supreme
21 Court.  See Intel Corp. v. Hartford Acc. & Indem. Co., 952 F.2d
22 1551, 1559 (9th Cir. 1991); Waller v. Truck Ins. Exchange, Inc., 11
23 Cal. 4th 1, 33 (1995).  The Court denies Holland's motion.

## CONCLUSION

25      For the foregoing reasons, the Court GRANTS Defendant CMS's
26 motion to set aside the default judgment (Docket No. 100), GRANTS
27 Holland's motion to confirm the arbitration award (Docket No. 107),

9

1  DENIES Holland's motion for judgment on the pleadings (Docket No.
2  92), and DENIES Holland's motion to preclude Defendants from using
3  an expert witness (Docket No. 87).[4]
4       Defendant CMS shall file its answer within five days of this
5  order and shall abide by the case management schedule previously
6  set.
7       IT IS SO ORDERED.
8       3/28/07
9  Dated: _____    
                                     _____
10                                    CLAUDIA WILKEN
                                      United States District Judge

___

26  [4]Defendants' objections to the Berenahu declarations are
27  DENIED as moot.  The Court did not consider any improper or
    inadmissible evidence.

28                              10